# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE HUNTER #242663,

    Plaintiff,

v

JOHN JOBOULIAN; TANYA RUSSELL; KAYLENE GRAHAM; TERI BYRNE; UNKNOWN PAGE; CARMEN PALMER,

    Defendants.

NO. 2:17-cv-832

HON. JANET T. NEFF

MAG. ELLEN S. CARMODY

---

Jermaine Hunter #242663
*Pro Se Plaintiff*
Thumb Correctional Facility
3225 John Conley Dr.
Lapeer, MI 48446

Rock Wood (P41181)
A. Peter Govorchin (P31161)
Attorney for MDOC Defendants
Michigan Dep't of Attorney General
Civil Litigation, Employment &
  Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

---

## AFFIDAVIT OF RICHARD D. RUSSELL

I, Richard D. Russell, depose and state as follows:

1. The information set forth below is based on my personal knowledge, and if called as a witness, I could testify competently to the same.

2. I am presently the Manager of the Grievance Section, within the Office of Legal Affairs for the Michigan Department of

Corrections (MDOC) with my office in Lansing, Michigan. I have held this position since May 1, 2011.

3. On April 1, 2013, I was appointed to the position of Hearings Administrator within the Office of Legal Affairs for the MDOC in addition to remaining the Manager of the Grievance Section.

4. My current duties as Manager of the Grievance Section for the MDOC include overseeing the Step III grievance process through supervision of four Grievance Specialists and a Grievance Technician.

5. The administrative remedy available to prisoners regarding the conditions of their confinement is the grievance process.

6. The grievance process for the MDOC consists of three steps which are defined in Policy Directive 03.02.130, "Prisoner/Parolee Grievances."

7. Step I of the grievance process provides that if the grievant is unable to resolve the issue with staff, the grievant may file a formal grievance to the institutional grievance coordinator. The appropriate staff member is assigned to respond to the grievance.

8. If the grievant is not satisfied with the response provided at Step I, an appeal of the decision may be filed to Step II. The

warden or the area manager generally responds to Step II grievances unless they delegate the response to staff that has administrative responsibility.

9. If the grievant does not agree with the Step II response, an appeal of that decision may be filed to Step III at the Grievance Section of the Office of Legal Affairs.

10. When a Step III grievance is received in the Grievance Section, it is date-stamped by clerical staff and entered into the database.

11. Beginning on May 1, 2011, all Step III appeals whether or not they meet policy requirements are being entered into the database. If on the surface it is apparent there are missing documents required under policy, they are returned under a cover letter indicating what further documents are required and the return of documents to the prisoner is recorded in the Notes section of the grievance tracking database.

12. Appeals that appear complete are forwarded to a grievance specialist. If, after review, they do not meet policy requirements to complete a thorough review at Step III, they

are returned under a cover letter indicating what further documents are required under policy for appeal to Step III. The return of documents to the prisoner is recorded in the Notes section of the grievance tracking database.

13. If the appeal is complete, a grievance specialist assures that all tracking data, including the grievance code as assigned by the local grievance coordinator, is entered into the grievance tracking database.

14. The grievance specialist researches the information and facts regarding the issues raised in the grievance. The research may be conducted through contact with the appropriate facility staff and other sources within the Department. The grievance specialist drafts a decision on the grievance. The Manager of the Grievance Section signs the Step III response, or returns it for additional work.

15. Final grievance decisions are returned to clerical staff for processing, including designation of a return date and final data entry. Copies of the grievance decisions are sent to the

   appropriate warden and the grievant. A copy is retained in the Office of Legal Affairs.

16. A search for records of Step III grievances involves a database inquiry and comparison of file materials with the database. All Step III grievance appeals are recorded on the Grievance Tracking database.

17. I have caused a search of the database relevant to step III grievance appeals filed by Plaintiff Hunter #242663 associated with his legal complaint filed against Defendants John Joboulian, Carmen Palmer, Tanya Russell and Kaylene Graham.

18. I found that Hunter has not filed any grievances or appeals to Step III that reference Defendants Tanya Russell and Kaylene Graham. I am not related to Defendant Tanya Russell in any way.

19. I found that Hunter did not file a timely grievance or appeal to Step III that references Defendants Carmen Palmer and John Joboulian as it relates to Plaintiff's claims regarding his dental

care. Plaintiff Hunter's grievance was rejected as untimely (copy attached).

20. This affidavit is made in good faith within the scope of my authority and in accordance with my understanding of the statutes, rules and policies governing the Michigan Department of Corrections.

I declare that, to the best of my knowledge and belief, the information in this affidavit is true, correct, and complete.

*Richard D. Russell, signature*

Richard D. Russell, Manager
Michigan Department of Corrections
Office of Legal Affairs

Subscribed and sworn to before me, a Notary Public, on the 28 day of February, 2018.

*Nicole Willson, signature*
Notary Public
_____ County, Michigan

My commission expires: _____

NICOLE WILLSON
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF EATON
My Commission Expires August 24, 2023
Acting in the County of Ingham