UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE HUNTER #242663,

    Plaintiffs,                      Hon. Janet T. Neff

v.                                    Case No. 1:17-cv-832

JOHN JOBOULIAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.

### I.    Background

Plaintiff is currently incarcerated at the Thumb Correctional Facility, but the events giving rise to this action occurred while Plaintiff resided at the Michigan Reformatory (RMI). Plaintiff has sued RMI Warden Carmen Palmer, Dentist John Joboulian, Dental Assistant Tanya Russell, Registered Nurses Kaylene Graham, Teri Byrne, and Unknown Page. Plaintiff alleges that Defendants denied him appropriate dental treatment in violation of the Eighth Amendment, unlawfully retaliated against him in violation of the First Amendment, and committed several violations of state law. Defendants Palmer, Joboulian, Russell, and Graham now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Because Defendants Byrne and Page are not party to the present motion, the Court makes no recommendations whether

-1-

Plaintiff's claims against Defendants Byrne and Page have been properly exhausted.

**II.        Summary Judgment Standard**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute

-2-

the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.  Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**III.**         **Analysis**

        A.         Prison Litigation Reform Act Screening

Plaintiff alleges that Defendant Russell was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.  Plaintiff also alleges that Defendant Russell committed gross negligence and intentionally subjected him to emotional distress in violation of Michigan law.  Because Plaintiff is proceeding in this matter as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted.

*See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted").

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

While Plaintiff's complaint asserts several legal conclusions against Defendant Russell, the

only factual allegation is that Russell responded to a request for dental treatment by stating that Plaintiff "will be seen as staff and time permits." (ECF No. 1 at PageID.12). Plaintiff further alleges, however, that only ten minutes later he was examined by a dentist. (ECF No. 1 at PageID.12). These allegations are insufficient to state a claim for violation of Plaintiff's Eighth Amendment rights. *See See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official violates the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety"). Here, Plaintiff alleges simply that Russell informed him that he would be examined as "staff and time" permits. This hardly constitutes disregard for Plaintiff's health or safety, especially considering that Plaintiff concedes that he was examined by a dentist only ten minutes later.

Plaintiff's state law claims likewise fail to state a claim. Under Michigan law, gross negligence "is not an independent cause of action," but is rather a prerequisite which a plaintiff must establish when seeking to overcome a defendant's assertion of governmental immunity. *See Bletz v. Gribble*, 641 F.3d 743, 756 (6th Cir. 2011). Defendant Russell, however, is not asserting a governmental immunity defense. To prevail on his intentional infliction of emotional distress claim, Plaintiff must establish, among other things, that Defendant engaged in extreme and outrageous conduct. *Ghannam v. Weiss*, 2013 WL 3025143 at *1 (Mich. Ct. App., June 18, 2013). Plaintiff's allegations against Defendant Russell fall well short of extreme and outrageous. *See, e.g., Garretson v. City of Madison Heights*, 407 F.3d 789, 799 (6th Cir. 2005) (citing Michigan law) (to support an IIED claim, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"). Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Russell be dismissed. The undersigned further recommends that Plaintiff's gross negligence claims

against Defendants Joboulian, Graham, Byrne, Page, and Palmer likewise be dismissed for failure to state a claim.

        B.      Exhaustion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. See Porter v. Nussle, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. See Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is

unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance.  *Id.*   The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.   The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ R.

Unless an extension of time is granted, the response to a Step I grievance is due "within 15 business days after the receipt of the [Step I] grievance."  *Id.* at ¶ X.   If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due.  *Id.* at ¶ BB.   Unless an extension of time is granted, the response to a Step II grievance is due "within 15 business days after the receipt of the [Step II] grievance."  *Id.* at ¶ CC. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III.  *Id.* at ¶ FF.   The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*

        1.     Grievance RMI-14-07-1468-12a2

Plaintiff filed this grievance on June 29, 2014, against Defendant Palmer, Defendant Joboulian, and a dental assistant who is not party to this action.  (ECF No. 23-2 at PageID.109). Plaintiff alleged that on February 21, 2014, he submitted a kite to Defendants Palmer and Joboulian requesting treatment for a decaying tooth.   Plaintiff asserts that he did not receive treatment until June 26, 2014, which constituted deliberate indifference to his serious medical needs.   Plaintiff pursued this grievance through all three steps of the grievance process, however, his Step III grievance appeal

was rejected as untimely. (ECF No. 23-2 at PageID.109-13). Accordingly, Defendants argue that this grievance cannot serve to exhaust any of Plaintiff's claims. Plaintiff counters that his Step III grievance appeal was improperly rejected as untimely. The Court agrees.

As noted above, a Step III grievance appeal must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. The response date for a Step II grievance is no later than 15 business days after the receipt of the Step II grievance. Prison officials received Plaintiff's Step II grievance on August 11, 2014. (ECF No. 23-2 at PageID.111). Accordingly, the response to Plaintiff's Step II grievance was due no later than September 2, 2014. *See Merlino v. Westwood*, 2007 WL 4326803 at *4 (E.D. Mich., Dec. 10, 2007) (when calculating the due date for a grievance response under MDOC Policy Directives, Saturdays, Sundays, and official holidays are not counted because "they are not business days").

Defendants have presented no evidence establishing when Plaintiff received the response to his Step II grievance. Accordingly, the ten business-day window within which Plaintiff was obligated to submit his Step III grievance began on September 2, 2014. Prison officials received Plaintiff's Step III grievance on September 12, 2014, which is within ten business days of September 2, 2014. (ECF No. 23-2 at PageID.113). Because the conclusion by prison officials that Plaintiff's Step III grievance was untimely is clearly contrary to the facts and the MDOC's own policy, Defendant's argument that this grievance cannot serve to exhaust any of Plaintiff's claims should be rejected. *See, e.g., Hodges v. Corizon*, 2015 WL 1511153 at *6-8 (E.D. Mich., Mar. 30, 2015) (MDOC's conclusion that a prisoner grievance was properly rejected need not be accepted by a court where such determination is contrary to facts and MDOC policy). In sum, this grievance properly

exhausts Plaintiff's claims that Defendants Palmer and Joboulian, between the dates of February 21, 2014, and June 26, 2014, failed to provide him with appropriate dental care.

### 2. Additional Grievances Referenced by Plaintiff

Plaintiff makes reference to three additional grievances: (1) Grievance RMI-15-02-0276-12z; (2) Grievance RMI-16-07-1303-12z; and (3) an Unprocessed Grievance. These first two grievances are asserted against individuals who are not parties to this action. (ECF No. 31-1 at PageID.188, 201). Accordingly, these grievances cannot serve to exhaust any of Plaintiff's remaining claims. With respect to the third grievance, the Court reaches a different conclusion.

Plaintiff has submitted an affidavit in which he asserts that on July 6, 2016, he submitted a grievance alleging that Defendants Graham, Byrne, and Joboulian placed inaccurate information in his medical file for the purpose of downplaying his need for dental treatment thereby preventing him from receiving the care he needed. (ECF No. 31 at PageID.164, 199). Specifically, Plaintiff alleged that: (1) on February 20, 2014, Defendant Graham placed in Plaintiff's medical file a "fabricated" report "downplaying" the seriousness of Plaintiff's need for dental care; (2) on June 24, 2014, Defendant Joboulian placed in Plaintiff's medical file a "fabricated" report "downplaying" the seriousness of Plaintiff's need for dental care; (3) on June 19, 2014, Defendant Byrne placed in Plaintiff's medical file a "fabricated" report "downplaying" the seriousness of Plaintiff's need for dental care

Plaintiff asserts that the Grieveance Coordinator "refused and/or intentionally failed" to process this grievance as required by MDOC policy. (ECF No. 31 at PageID.164). Plaintiff asserts that he subsequently requested that this grievance be processed, but that the Grievance Coordinator "refused to respond and/or ignored my request." (ECF No. 31 at PageID.165). Thus,

Plaintiff argues that he has satisfied the exhaustion requirement by pursuing all *available* administrative remedies.

Defendants' arguments in response are not persuasive. First, Defendants argue that "this unfiled grievance cannot be used to demonstrate proper efforts to exhaust." The question, however, is not whether prison officials actually processed Plaintiff's grievance. If this were the pertinent question, prison officials could avoid ever being sued in federal court by simply failing to process a prisoner's grievance. Instead, the relevant question is whether the prisoner exhausted his *available* administrative remedies. *See Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones"). If prison officials declined to process Plaintiff's grievance, the grievance process is unavailable to Plaintiff and he need not pursue the grievance further.

Defendants next argue that the Court should grant the relief herein requested because Plaintiff's assertion is "unsupported by credible evidence and is not believable by a reasonable factfinder." The Court disagrees. First, it is not unreasonable to believe that a particular grievance did not get processed. Moreover, whether Plaintiff's evidence is credible is not relevant at this juncture. Plaintiff has submitted a properly executed affidavit in which he asserts that prison officials declined to process the grievance in question. Thus, whether Plaintiff properly exhausted his administrative remedies with respect to the claims asserted therein turns on a factual dispute. Given this factual dispute, Defendants cannot meet their burden to obtain relief on the ground that Plaintiff failed to exhaust his administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 22), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff's claims against Defendant Russell be dismissed for failure to state a claim on which relief may be granted. The undersigned recommends that Plaintiff's gross negligence claims against Defendants Joboulian, Graham, Byrne, Page, and Palmer be dismissed for failure to state a claim on which relief may be granted.

The undersigned further recommends that with respect to Defendants Palmer, Joboulian, Russell, and Graham, Plaintiff's claims be dismissed for failure to exhaust administrative remedies except for the following: (1) Plaintiff's Eighth Amendment claim that Defendants Palmer and Joboulian, between the dates of February 21, 2014, and June 26, 2014, failed to provide him with appropriate dental care; (2) Plaintiff's Eighth Amendment claim that on February 20, 2014, Defendant Graham placed in Plaintiff's medical file a "fabricated" report "downplaying" the seriousness of Plaintiff's need for dental care; (3) Plaintiff's Eighth Amendment claim that on June 24, 2014, Defendant Joboulian placed in Plaintiff's medical file a "fabricated" report "downplaying" the seriousness of Plaintiff's need for dental care; and (4) Plaintiff's state law intentional infliction of emotional distress claims relating to these particular allegations.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: July 6, 2018          /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             U.S. Magistrate Judge