UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE D. HUNTER #242663,

    Plaintiff,

v.

    Case No. 1:17-cv-832

JOHN JOBOULIAN, et al.,

    HON. JANET T. NEFF

    Defendants.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Palmer, Joboulian, Russell, and Graham filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the motion be granted in part and denied in part. The matter is presently before the Court on Defendants' objection, in part, to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made. The Court denies the objection and issues this Opinion and Order.

An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is

made." *Id.* As a threshold matter, arguments not raised before the Magistrate Judge are deemed waived and are not properly raised on objection to a report and recommendation. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Bartlett v. Borgess Hosp.*, No. 1:17-cv-1138, 2018 WL 4521936 at *1 (W.D. Mich. Sept. 21, 2018).

The Magistrate Judge made several findings and recommendations in this case. Only one is presently before the Court. The Magistrate Judge found that a factual dispute exists over whether Plaintiff properly exhausted his administrative remedies as to the claims found in an allegedly unfiled grievance submitted by Plaintiff to the Grievance Coordinator (R&R, ECF No. 34 at PageID.274-276). Because of that finding, the Magistrate Judge recommended that the claims Plaintiff asserts in that grievance should move forward.

Defendants "object to the assertion in the Report and Recommendation that Plaintiff pursued all available remedies …" for the allegedly unprocessed grievance (Defs. Obj., ECF No. 35 at PageID.278-279; R&R, ECF No. 34 at PageID.274-275). Defendants advance three arguments in their objection:

> I. Plaintiff never filed the alleged unprocessed grievance, for if he had, it would have been reported in the grievance database.
>
> II. Even if Plaintiff did file the alleged unprocessed grievance, he had a responsibility under the grievance policy directive 03.02.130 to submit a step II grievance after the time permitted for MDOC staff to respond had passed.
>
> III. Falsification of documents is not a valid Eighth Amendment claim. Additionally, any claim about inadequate dental care in relation to the falsification of documents would have had to been raised by Plaintiff in 2014, when he alleges that the falsification occurred.

(Defs. Obj., ECF No. 35 at PageID.279). Defendants also submit the affidavit of Kurt Miller, Grievance Coordinator, as factual support for the arguments in their objection (Aff., ECF No. 36 at PageID.286-288).

The objection is denied. First, Argument III of the objection, quoted above, was not raised before the Magistrate Judge. The Court declines to consider arguments raised for the first time on objection to the Report and Recommendation. Second, Arguments I and II do nothing to undermine the Magistrate Judge's analysis or conclusion.

Defendants essentially reassert their arguments before the Magistrate Judge. Defendants' objection reiterates MDOC Policy and provides the affidavit of the Grievance Coordinator, averring that all grievances received on the day in question were filed per policy and routine (*see* Defs. Reply Br., ECF No. 33 at PageID.234 ("Defendants maintain that the grievance in question was never filed")). Defendants' assertions merely support the Magistrate Judge's conclusion that a question of fact exists as to "whether Plaintiff properly exhausted his administrative remedies with respect to the claims asserted" (R&R, ECF No. 34 at PageID.275). Therefore, Defendants' arguments fail, and the objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that Defendants' Objection (ECF No. 35) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 34) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 22) is GRANTED IN PART AND DENIED IN PART. Specifically, Plaintiff's claims against Defendant Russell are dismissed for failure to state a claim on which relief may be granted.

3

Plaintiff's gross negligence claims against Defendants Joboulian, Graham, Byrne, Page, and Palmer are dismissed for failure to state a claim on which relief may be granted. With respect to Defendants Palmer, Joboulian, Russell, and Graham, Plaintiff's claims are dismissed for failure to exhaust administrative remedies except for the following: (1) Plaintiff's Eighth Amendment claim that Defendants Palmer and Joboulian, between the dates of February 21, 2014, and June 26, 2014, failed to provide him with appropriate dental care; (2) Plaintiff's Eighth Amendment claim that on February 20, 2014, Defendant Graham placed in Plaintiff's medical file a "fabricated" report "downplaying" the seriousness of Plaintiff's need for dental care; (3) Plaintiff's Eighth Amendment claim that on June 24, 2014, Defendant Joboulian placed in Plaintiff's medical file a "fabricated" report "downplaying" the seriousness of Plaintiff's need for dental care; and (4) Plaintiff's state law intentional infliction of emotional distress claims relating to these particular allegations.

Dated: March 7, 2019  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge