UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE HUNTER #242663,

    Plaintiff,                                         Hon. Janet T. Neff

v.                                                Case No. 1:17-cv-832

JOHN JABOULIAN, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    The Court has before it Plaintiff's Motion for Preliminary Injunction and Restraining Order. (ECF No. 98.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **DENIED**.

### **Background**

    Plaintiff, a state prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed this action pursuant to 42 U.S.C. § 1983 alleging claims based on events that occurred at the Michigan Reformatory (RMI) in 2014. Plaintiff's remaining federal claims allege that Defendants denied him proper dental treatment in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment.

    In May or June of 2019, in connection with an upcoming evidentiary hearing that Magistrate Judge Carmody had set in this case, the MDOC transferred Plaintiff from the Thumb Correctional Facility in Lapeer, Michigan, to the Earnest C. Brooks Correctional Facility (LRF) in Muskegon, Michigan. (ECF No. 98 at PageID.553.) Plaintiff alleges that, while he was housed at LRF, he filed a grievance against an MTU employee for refusing to process his documents for

filing in another case Plaintiff had filed in this Court.  (*Id.* at PageID.554.)  Plaintiff alleges that on October 28, 2019, as a result of his grievance activity, he was transferred "across the bridge" to Kinross Correctional Facility (KCF) in Kincheloe, Michigan.  (*Id.* at PageID.556.)  Plaintiff requests that the Court remedy such "blatant abuses of government authority and/or retaliatory conduct [by] MDOC Prison Officials," by ordering Defendants to transfer Plaintiff back to URF.  (*Id.* at PageID.588.)

**Analysis**

In determining whether to grant injunctive relief, a court considers the following factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.  *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000).  These are factors to be balanced and not prerequisites to be met.  *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997)).  The decision whether to grant injunctive relief lies within the court's discretion.  *See Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001).

Denial of injunctive relief in this case is proper for several reasons.  First, Plaintiff has presented no evidence supporting the conclusion that he is likely to prevail on the merits of his claims in this case.  Second, even if Plaintiff had presented such evidence, Plaintiff has an adequate remedy at law for the injunctive relief he now seeks:  he may file a lawsuit against the MTU employees for retaliation and seek an award of damages.  Third, the public interest is not served by interference with the MDOC's day-to-day operations in the absence of a compelling reason warranting such relief.

Finally, and perhaps most importantly, the relief Plaintiff requests in his present motion bears no relationship to the claims or wrongful conduct alleged in the instant case. A party seeking a preliminary injunction "'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). Claims against non-defendants do not relate to issues raised in the complaint. *See*, *e.g.*, *Griffin v. Williams*, No. 1:CV-10-2472, 2011 WL 2600969, at *2 (M.D. Pa. June 29, 2011) (denying preliminary injunctive relief because, among other reasons, "Plaintiff's complaint that a non-Defendant broke his typewriter is not properly before the court because it is not related to the issues raised in the complaint"). Plaintiff's claims in this case concern events that occurred in 2014 at RMI, while his instant motion is based on an alleged retaliatory transfer MTU employees initiated in 2019. Plaintiff's request bears no relationship to the instant case.

In sum, consideration of the foregoing factors weighs heavily against granting Plaintiff's motion.

## Conclusion

For the reasons set forth above, I recommend that the Court **deny** Plaintiff's Motion for Preliminary Injunctive Relief. (ECF No. 98.)

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: April 21, 2020                                    /s/ Sally J. Berens
                                                                                           SALLY J. BERENS
                                                                                           U.S. Magistrate Judge