UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE D. HUNTER,

    Plaintiff,

v.

JOHN JOBOULIAN, et al.,

    Defendants.

_____/

Case No. 1:17-cv-832

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging claims of the denial of appropriate dental care in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and various state law claims against several defendants. The Court previously dismissed several of the claims in accordance with the Magistrate Judge's earlier Report and Recommendation (R&R) (ECF No. 38 at PageID.293-294). The Magistrate Judge subsequently conducted an evidentiary hearing to resolve factual disputes regarding whether Plaintiff properly exhausted his administrative remedies as to two of his remaining claims. The Magistrate Judge issued a Report and Recommendation, recommending the Court dismiss both claims without prejudice for failure to exhaust administrative remedies. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made …." *Id.* As a threshold matter, arguments not raised before the Magistrate Judge are deemed waived and are not properly raised on objection to a report and recommendation. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Bartlett v. Borgess Hosp.*, No. 1:17-cv-1138, 2018 WL 4521936 at *1 (W.D. Mich. Sept. 21, 2018).

Plaintiff objects that the Magistrate Judge erred in finding that:

>  I. Defendants met their burden to demonstrate that the grievance process was available to Plaintiff who simply failed to take advantage of such (Pl. Obj., ECF No. 96 at PageID.539-540);
>
>  II. Plaintiff failed to present or identify evidence calling into doubt Miller's testimony (*id.* at PageID.544);
>
>  III. Plaintiff failed to present or identify evidence … supporting the argument the Plaintiff did properly submit his grievance (*id.* at PageID.545); and
>
>  IV. it is inherently illogical that other of Plaintiff's grievances were received and processed save for this one (*id.* at PageID.546).

All four of Plaintiff's objections are denied. Plaintiff's objections largely center around the credibility of grievance coordinator Kurt Miller in testifying that he did not receive the grievance presently in dispute. However, the Magistrate Judge properly accepted Miller's testimony and found him to be a credible witness, citing in particular Miller's testimony that grievance forms, as well as mailboxes for submitting grievances, are available in every housing unit; the mailboxes are locked until the mail therein is retrieved and taken to the mailroom; every grievance concerning matters at the Michigan Reformatory is "logged into the database" and

2

assigned "a unique identifying number"; and Miller had never before seen the grievance in question and a search of his database revealed that no such grievance had been submitted (R&R, ECF No. 90 at PageID.525).

Contrary to Plaintiff's arguments, the Magistrate Judge properly acknowledged that Defendants had the burden of proof, and did not place the burden on Plaintiff.  The Magistrate Judge simply noted that Plaintiff was unable to demonstrate that Miller was unworthy of belief or failed to testify truthfully (*id.*); that Plaintiff failed to present evidence that undermined Defendants' testimony and evidence; and that the evidence did not support Plaintiff's theory (*id.* at PageID.525-526).  The Magistrate Judge also found Defendants' other two witnesses credible, although their testimony was marginally relevant (*id.* at PageID.526).  Additionally, the Magistrate Judge properly deemed the warden's 2013 to 2017 forum minutes irrelevant given the narrow issue of whether Plaintiff filed a July 6, 2016 grievance (ECF No. 82 at PageID.436).  Plaintiff's fails to show any error in the Magistrate Judge's ruling and preclusion of this evidence.

On the whole, Plaintiff's objections essentially reiterate his arguments made to the Magistrate Judge, based on his affidavit, that he properly submitted his grievance and kites inquiring about the processing and status of the grievance and thus had exhausted his available administrative remedies.  Plaintiff has shown no error in the Magistrate Judge's analysis or conclusions following the evidentiary hearing.  Therefore, Plaintiff's arguments fail, and the objections are denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

3

4

**IT IS HEREBY ORDERED** that the Objections (ECF No. 96) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 90) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the following two claims are DISMISSED without prejudice for failure to exhaust to administrative remedies: (1) Plaintiff's Eighth Amendment claim that on February 20, 2014, Defendant Graham placed in Plaintiff's medical file a "fabricated" report "downplaying" the seriousness of Plaintiff's need for dental care, and (2) Plaintiff's Eighth Amendment claim that on June 24, 2014, Defendant Joboulian placed in Plaintiff's medical file a "fabricated" report "downplaying" the seriousness of Plaintiff's need for dental care.

Dated: September 1, 2020                              /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge