UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE D. HUNTER,

    Plaintiff,

v.

JOHN JOBOULIAN, et al.,

    Defendants.
_____/

Case No. 1:17-cv-832

HON. JANET T. NEFF

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Byrne, Graham, Joboulian, Page and Palmer moved for summary judgment of the following claims remaining in this action: (1) Eighth Amendment claims against Defendants Palmer, Page, Byrne, and Joboulian for deliberate indifference to Plaintiff's serious need for dental care; (2) an Eighth Amendment excessive force claim against Defendant Byrne; (3) a failure-to-intervene claim against Defendant Page; (4) First Amendment retaliation claims against Defendants Page and Byrne; and (5) state-law claims of intentional infliction of emotional distress against all remaining Defendants. Plaintiff moved to strike an exhibit upon which Defendants relied for their motion. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion for summary judgment and deny Plaintiff's motion to strike as moot. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation as well as his subsequent motion to correct a typographical error in his objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV.

P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court grants Plaintiff's motion to correct the typographical error, denies his objections and issues this Opinion and Order.

**1.     Eighth Amendment Deliberate Indifference Claims**

*Defendant Warden Palmer.* With regard to his Eighth Amendment deliberate indifference claim against Defendant Warden Palmer, Plaintiff first argues that the Magistrate Judge erred in relying on *Sedore v. Burt*, No. 1:16-cv-903, 2019 WL 4740589 (W.D. Mich. Sept. 12, 2019) (determining that the warden was not liable for the plaintiff's alleged poor medical treatment by failing to respond to letters from the plaintiff), report and recommendation adopted, 2019 WL 4738142 (W.D. Mich. Sept. 27, 2019) (Obj., ECF No. 148 at PageID.1041). According to Plaintiff, the facts of his case and those in *Sedore* are "totally different" (*id.* at PageID.1042). Second, Plaintiff argues that the Magistrate Judge also erred in finding that Defendant Warden Palmer could not be liable for ignoring Plaintiff's verbal complaints about his pain and lack of dental care (*id.* at PageID.1042-1043). Plaintiff's arguments lack merit. As Defendants point out in their response, the facts of *Sedore* "do not need to match exactly in order to be persuasive" (ECF No. 154 at PageID.1065). Regardless of what treatment Plaintiff received, *Sedore* is factually similar to the present case inasmuch as like the warden in *Sedore*, Defendant Warden Palmer is not a medical professional and is not personally responsible for Plaintiff's medical care. As the Magistrate Judge pointed out, supervisory authority cannot be imposed for a "mere failure to act" (R&R, ECF No. 143 at PageID.1019, quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Plaintiff identifies no factual or legal error by the Magistrate Judge in recommending dismissal of his Eighth Amendment deliberate indifference claim against Defendant Warden Palmer.

*Defendant LPN Page.*  With regard to his Eighth Amendment deliberate indifference claim against Defendant LPN Page, Plaintiff argues that the Magistrate Judge erred in concluding that his claim failed for lack of personal involvement (Obj., ECF No. 148 at PageID.1043-1044). According to Plaintiff, Defendant Page was deliberately indifferent for failing to intervene in his medical care (*id.*).  Plaintiff's argument demonstrates no error by the Magistrate Judge.  The Magistrate Judge properly concluded that Defendant LPN Page cannot be liable for deliberate indifference because evaluation and treatment of medical and dental conditions are outside of the scope of her practice as a licensed practical nurse (R&R, ECF No. 143 at PageID.1021-1022).

*Defendant RN Byrne.*  The Magistrate Judge concluded that Defendant RN Byrne "cannot be said to have been deliberately indifferent to Plaintiff's serious dental need because she examined him and instructed him to kite the dentist" (R&R, ECF No. 143 at PageID.1022).  In his objections, Plaintiff merely reiterates his arguments that the record—including a logbook that Plaintiff asserts was "altered"—should lead to a contrary conclusion (Obj., ECF No. 148 at PageID.1044-1046). Plaintiff's objection fails to identify any factual or legal error in the Magistrate Judge's analysis or conclusion that his Eighth Amendment deliberate indifference claim against Defendant RN Byrne is properly dismissed.

*Defendant Dr. Joboulian.*  After determining that Defendant Dr. Joboulian examined Plaintiff's tooth and extracted it two days later, the Magistrate Judge concluded that "[t]he fact that Plaintiff may have wanted different treatment on July 24, or asserts that he was harmed by the two-day delay in extracting the tooth, is not a basis for an Eighth Amendment claim" (R&R, ECF No. 143 at PageID.1024).  In his objections, Plaintiff again merely reiterates the arguments he made to the Magistrate Judge that the record should lead to a contrary conclusion (Obj., ECF No. 148 at PageID.1047).  Plaintiff does not identify any factual or legal error in the Magistrate Judge's

analysis or conclusion that his Eighth Amendment deliberate indifference claim against Defendant Dr. Joboulian is properly dismissed.

**2.      Excessive Force Claim**

With regard to Plaintiff's excessive force claim against Defendant Byrne, the Magistrate Judge concluded that "Plaintiff's discomfort does not establish an Eighth Amendment violation, particularly because there is no evidence upon which a reasonable jury could conclude that Defendant Byrne used the medical tool maliciously or sadistically to cause harm" (R&R, ECF No. 143 at PageID.1026).  In his objections, Plaintiff again merely reiterates the arguments he made to the Magistrate Judge that the record should lead to a contrary conclusion (Obj., ECF No. 148 at PageID.1047-1048).  Plaintiff does not identify any factual or legal error in the Magistrate Judge's analysis or conclusion that his excessive force claim is properly dismissed.

**3.      Failure to Intervene Claim**

As Defendants point out (Resp., ECF No. 154 at PageID.1066), Plaintiff does not expressly address the Magistrate Judge's recommendation to dismiss his failure-to-intervene claim against Defendant Page (Obj., ECF No. 148 at PageID.1047-1048).  District courts need not provide de novo review of frivolous, general, or conclusive objections.  *Weiler v. U.S. Dep't of Treasury-Internal Revenue Serv.*, No. 19-3729, 2020 WL 2528916, at *1 (6th Cir. Apr. 24, 2020) (Order); *Bell v. Huling*, 52 F.3d 324, at *1 (6th Cir. 1995); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

**4.      Retaliation Claims**

With regard to his First Amendment retaliation claims against Defendants Page and Byrne, Plaintiff argues that the Magistrate Judge "misapplied the standard for adverse action" (Obj., ECF No. 148 at PageID.1049).  Plaintiff's argument lacks merit.  The Magistrate Judge set forth the

proper definition of adverse action and delineated and analyzed the adverse actions that Plaintiff identified in briefing, concluding that "none of these actions qualifies as sufficiently adverse to create a triable issue on Plaintiff's retaliation claim" (R&R, ECF No. 143 at PageID.1027-1028). Plaintiff's disagreement with the Magistrate Judge's conclusion does not serve to demonstrate any error in her analysis.

**5.      Intentional Infliction of Emotional Distress Claims**

Last, Defendants accurately point out that Plaintiff also presents no specific objection to the Magistrate Judge's analysis of his state-law claims of intentional infliction of emotional distress (Resp., ECF No. 154 at PageID.1069; Obj., ECF No. 148 at PageID.1051). District courts need not provide de novo review of frivolous, general, or conclusive objections. *See Weiler, supra*; *Bell, supra; Mira, supra.*

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Motion to Correct (ECF No. 152) is GRANTED.

**IT IS FURTHER ORDERED** that the Objections (ECF No. 148) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 143) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 110) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 140) is DENIED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  September 21, 2021            /s/ Janet T. Neff
JANET T. NEFF
United States District Judge